(No. 1213—

LAFAYETTE LOVE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1928.*

JOHN A. MAYHEW, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This cause comes before the court on a declaration filed herein on July 7th, 1927, by Lafayette Love, claimant, in which he alleges that he is a resident of Kankakee, in Kankakee county, Illinois, and has been a resident of the State of

Illinois for more than ten years last past; that on August 12th, 1922, he was employed by the State of Illinois, at the Kankakee State Hospital for the Insane, at Kankakee, Illinois, and had been working at said State Hospital as an attendant since April 21st, 1921; that while in the employ of the State as such attendant, and in the course of employment, as such attendant, he suffered an accidental injury, the result of which has left him partially incapacitated and unable to follow his usual line of work, and that his health has been seriously impaired as a result of said accident; that the injury complained of resulted as follows: That while working as an attendant at said hospital, one of the patients from said hospital in one of the wards, namely, Ward No. 7, South, became violent and attacked another attendant and that claimant went to the assistance of said attendant to help said attendant get said violent patient under control, and while so doing he was kicked by the patient and seriously injured; that as a result of said injury two operations were necessary, the first operation being shortly after said injury, and the second operation being in May, 1924, and that at the last operation it became necessary, as a result of said injury to have the right testicle of claimant removed; that he has been in poor health since said injury; that at the time of the injury he was earning approximately Fifty-five Dollars per month and maintenance, and petitioner asks damages in the sum of Ten Thousand Dollars.

The State of Illinois, by the Attorney General, filed a demurrer to the declaration, which is sustained as a matter of law.

There is some conflict in the testimony, as to when the first operation was performed, the records of the hospital in which claimant was treated being incomplete and uncertain. In rendering an award, we take into consideration the fact that claimant is now holding the same position which he held prior to his injury and is receiving more money than he was at the time the injury was received, and that he has lost no wages since the injury. However, we believe that in equity and good conscience claimant should receive some compensation for the permanent disability which he has suffered on account of said injury, and award to him the sum of Five Hundred ($500.00) Dollars.